## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

LEANNE WITHROW,

*Plaintiff*,

v.

UNITED STATES OF
AMERICA, et al.

*Defendants*.

Case No.: 1:25-cv-04073-JMC

## PROPOSED INTERVENOR'S ANSWER TO VERIFIED COMPLAINT

1. **RESPONSE TO ALLEGATIONS IN PARAGRAPHS 1-212 OF PLAINTIFF'S COMPLAINT.**

Pursuant to Federal Rule of Civil Procedure 24(c), Proposed Intervenor-Defendant (hereinafter, "Intervenor") responds to the numbered paragraphs in Plaintiff's Complaint as follows:

1. Intervenor denies any suggestion in paragraph 1 that Plaintiff is a woman and in all other paragraphs that use female pronouns or titles to refer to Plaintiff or otherwise suggest Plaintiff is a woman. Intervenor lacks knowledge or information sufficient to form a belief about the truth of other allegations in paragraph 1.

2. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.      Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4.      Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, particularly about whether Plaintiff's use of the women's restroom was "without issue." There is nothing in Plaintiff's 212 paragraph Complaint that indicates Plaintiff has undertaken any effort to ascertain the experiences of federally employed women forced to use restrooms with men.

5.      Intervenor admits that the Equal Employment Opportunity Commission did decide the case of *Lusardi v. Department* of the Army in 2015.  *Lusardi v. Department of the Army*, EEOC Appeal No. 0120133395, 2015 WL 1607756 (Apr. 1, 2015).  The remainder of paragraph 5 constitutes legal conclusions to which no response is required.

6.      Intervenor admits that the General Services Administration is responsible for the management of federal properties.  The remainder of allegations in paragraph 6 constitute legal conclusions to which no response is required.

7.      To the extent Paragraph 7 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself.  All other allegations in paragraph 7 constitute legal conclusions to which no response is required.

8.      To the extent Paragraph 8 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations in paragraph 8 constitute legal conclusions to which no response is required.

2

9.    Intervenor denies that biological sex is complex or that people categorized as "intersex" cannot fit into a definition of male or female. The remainder of the allegations in paragraph 9 constitute legal conclusions to which no response is required.

10.    Intervenor admits that OPM issued a memorandum on January 29, 2025, directing agencies to ensure that restrooms are "designated by biological sex." To the extent Paragraph 10 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. The remainder of the allegations in paragraph 10 are legal conclusions to which no response is required.

11.    Intervenor admits to the allegations in paragraph 11.

12.    Intervenor lacks knowledge sufficient to form a belief as to whether and how all agencies across the federal government have implemented the OPM memorandum.

13.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and notes that Plaintiff's 212 paragraph Complaint does not specify any investigation undertaken by Plaintiff to determine whether any woman experienced an incident, such as stress, panic, or other emotional harm, due to the presence of males in women's bathrooms in federal facilities. Intervenor submits that lack of any "incident" is not evidence that women consent or agree to allow men in women's spaces.

14.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.    The allegations in paragraph 16 are legal conclusions to which no response is required except to the extent responded to in the affirmative defenses of this Answer.

17.     The allegations in paragraph 17 are legal conclusions to which no response is required except to the extent responded to in the affirmative defenses of this Answer.

18.     The allegations in paragraph 18 are legal conclusions to which no response is required except to the extent responded to in the affirmative defenses of this Answer.

19.     Intervenor admits that the Court has jurisdiction to review final agency actions under 5 U.S.C. § 702 and that 5 U.S.C. § 702 provides jurisdiction to federal courts to review final agency action.

20.     The allegations in paragraph 20 are legal conclusions to which no response is required except to the extent responded to in the affirmative defenses of this Answer.

21.     The allegations in paragraph 21 are legal conclusions to which no response is required except to the extent responded to in the affirmative defenses of this Answer.

22.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 22. To the extent paragraph 22 contains legal conclusions, no response is required.

23.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23. To the extent paragraph 23 contains legal conclusions, no response is required.

24.     Intervenor denies that Plaintiff is a woman.  Concerning the remaining allegations in paragraph 24, intervenor lacks knowledge or information sufficient to form a belief about their truth.

25.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30. To the extent the allegations in paragraph 30 are legal conclusions, no response is required.

31.    Intervenor admits that the Defendant named in paragraph 31 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 32 are legal conclusions to which no response is required.

32.    Intervenor denies that the Defendant named in paragraph 32 remains employed in the capacity identified by the Plaintiff.  Remaining allegations in paragraph 31 are legal conclusions to which no response is required.

33.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 33 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 33 are legal conclusions to which no response is required.

34.     Intervenor denies that the Defendant named in paragraph 34 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 34 are legal conclusions to which no response is required.

35.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 35 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 35 are legal conclusions to which no response is required.

36.     Intervenor admits that, to the best of her knowledge,  the Defendant named in paragraph 36 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 36 are legal conclusions to which no response is required.

37.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 37 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 37 are legal conclusions to which no response is required.

38.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 38 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 38 are legal conclusions to which no response is required..

39.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 39 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 39 are legal conclusions to which no response is required.

40.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 40 remains employed in the capacity identified by the Plaintiff.  Remaining allegations in paragraph 40 are legal conclusions to which no response is required.

41.     Intervenor admits that the Defendant named in paragraph 41 remains employed in the capacity identified by the Plaintiff.  Remaining allegations in paragraph 41 are legal conclusions to which no response is required..

42.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 42 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 42 are legal conclusions to which no response is required..

43.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 43 remains employed in the capacity identified by the Plaintiff.  Remaining allegations in paragraph 43 are legal conclusions to which no response is required..

44.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 44 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 44 are legal conclusions to which no response is required..

45.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 45 remains employed in the capacity identified by the .  Remaining allegations in paragraph 45 are legal conclusions to which no response is required..

46.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 46 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 46 are legal conclusions to which no response is required.

47.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 47 remains employed in the capacity identified by the Plaintiff. Remaining allegations in paragraph 47 are legal conclusions to which no response is required.

48.    Intervenor denies that Kristi Noem is the Secretary of Homeland Security. Remaining allegations in the paragraph are legal conclusions to which no response is required.

49.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 49 remains employed in the capacity identified by the Plaintiff. Remaining allegations in the paragraph are legal conclusions to which no response is required..

50.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 50 remains employed in the capacity identified by the Plaintiff. Remaining allegations in the paragraph are legal conclusions to which no response is required..

51.    Intervenor denies that Pam Bondi remains employed in the capacity identified by the Plaintiff. Remaining allegations in the paragraph are legal conclusions to which no response is required.

52.    Intervenor denies that the Defendant named in paragraph 52 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

53.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 53 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

54.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 54 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

55.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 55 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

56.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 56 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

57.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 57 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

58.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 58 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

59.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 59 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

60.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 60 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

61.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 61 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

62.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 62 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

63.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 63 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

64.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 64 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

65.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 65 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

66.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 56 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

67.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 67 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

68.     Intervenor denies that the Defendant named in paragraph 68 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

69.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 69 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

70.     Intervenor admits that the Defendant named in paragraph 70 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

71.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 71 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

72.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 72 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

73.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 73 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

74.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 74 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

75.    Intervenor denies that the Defendant named in paragraph 75 remains employed in the capacity identified by the Plaintiff. Remaining allegations in the paragraph are legal conclusions to which no response is required.

76.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 76 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

77.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 77 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

11

78.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 78 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

79.     Intervenor admits that, to the best of her knowledge, the Defendant, Marco Rubio, named in paragraph 79 remains employed in the capacity identified by the Plaintiff. Remaining allegations in the paragraph are legal conclusions to which no response is required. Intervenor.

80.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 80 remains employed in the capacity identified by the Plaintiff . Remaining allegations in the paragraph are legal conclusions to which no response is required..

81.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 81 remains employed in the capacity identified by the Plaintiff. Remaining allegations in the paragraph are legal conclusions to which no response is required.

82.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 82 remains employed in the capacity identified by the Plaintiff. Remaining allegations in the paragraph are legal conclusions to which no response is required.

83.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 83 remains employed in the capacity identified by the Plaintiff. Remaining allegations in the paragraph are legal conclusions to which no response is required.

84.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 84 remains employed in the capacity identified by the Plaintiff.  Remaining allegations in the paragraph are legal conclusions to which no response is required..

85.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 85 remains employed in the capacity identified by the Plaintiff.   To the extent any further response is required, the allegations are denied.

86.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 86 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

87.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 87 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

88.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 88 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

89.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 89 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

90.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 90 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

91.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 91 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

92.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 92 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

93.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 93 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

94.     Intervenor denies that the Defendant named in paragraph 94 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

95.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 95 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

96.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 96 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

97.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 97 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

98.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 98 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

99.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 99 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

100.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 57 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

101.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 101 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

102.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 102 remains employed in the capacity identified by the Plaintiff.   To the extent any further response is required, the allegations  are denied.

103.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 103 remains employed in the capacity identified by the Plaintiff. To the extent any further response is required, the allegations  are denied.

104.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 104 remains employed in the capacity identified by the Plaintiff. To the extent any further response is required, the allegations  are denied.

105.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 105 remains employed in the capacity identified by the Plaintiff. To the extent any further response is required, the allegations  are denied.

106.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 106 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

107.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 107 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

108.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 108 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

109.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 109 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

110.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 110 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

111.     Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 111 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

112.     Paragraph 112 contains legal conclusions to which no response is required.

113.     Intervenor admits that the Defendant named in paragraph 113 remains employed in the capacity identified by the Plaintiff. Remaining allegations in the paragraph are legal conclusions to which no response is required.

114.    Intervenor admits the allegations in paragraph 114 concerning the responsibilities of the Office of Personnel Management.

115.    Intervenor admits that the Defendant named in paragraph 115 remains employed in the capacity identified by the Plaintiff. Remaining allegations in the paragraph are legal conclusions to which no response is required.

116.    Intervenor admits the allegations in paragraph 116 concerning the responsibilities of the General Services Administration.

117.    Intervenor admits that, to the best of her knowledge, the Defendant named in paragraph 117 remains employed in the capacity identified by the Plaintiff.   Remaining allegations in the paragraph are legal conclusions to which no response is required.

118.    Intervenor denies that there exists a coherent category of "transgender or intersex" employees but admits that there exist individuals who identify as transgender and individuals with differences of sexual development (DSDs) serving in the federal government. Intervenor asserts that all people, including individuals who identify as transgender and individuals characterized by the Plaintiff as "intersex" are either male or female. Concerning whether such individuals experience hostility in the federal workplace, intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegation. Remaining allegations in the paragraph are legal conclusions to which no response is required.

119.    Intervenor denies the allegations set forth in paragraph 119.

120.    Intervenor denies that sex is "assigned at birth" and denies that the term "biological sex" is less precise. Intervenor asserts that the most precise, accurate term is sex, which is observed at birth. In rare instances of ambiguity, the ambiguity is easily resolved with a DNA test. The other "variations" that, according to the Plaintiff establish that "biological sex" is

less precise than "sex assigned at birth," are sex traits and not, in themselves, coterminous with the two sex categories, male and female.

121. Intervenor denies paragraph 121.

122. Intervenor admits some people self-identify as transgender but submits that "male gender identity" and "female gender identity" are incoherent concepts that rely upon regressive sex stereotypes that should not be reified in law.

123. Intervenor asserts that DSDs are congenital conditions in which the development of chromosomal, gonadal, or anatomical sex is atypical. To the extent Plaintiff's definition conflicts with that definition, intervenor denies it.

124. Intervenor agrees that most people born with a disorder of sexual development are readily observed to be male or female. To the extent that the remaining allegations depend on acceptance of the concept of "gender identity" or conflate individuals with DSDs with trans-identifying individuals, they are denied.

125. Intervenor denies that the sex of individuals with DSDs cannot easily be categorized as male or female.

126. Intervenor denies that medication, opposite sex hormones, or surgery, referred to by the Plaintiff as "gender affirming medical care" can change an individual's sex, denies that the opposite sex mimicking attributes that may develop as a result of such treatment define sex, and denies that traits modified by such treatment are "biological traits."

127. Intervenor admits the Williams Institute issued the report referenced in the paragraph. To the extent Paragraph 127 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied.

18

128.    Intervenor admits the United Nations has provided the estimates referenced in the paragraph but lacks information or knowledge sufficient to admit the remainder of the paragraph. To the extent Paragraph 128 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself.

129.    To the extent Paragraph 129 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself.  Intervenor admits the Executive Order does not grant special privileges for individuals who assert a gender identity different from their sex but denies that the Executive Order has any effect on people with DSDs as a group. To the extent such people identify as transgender, the Executive Order may require that they use the same bathroom as everyone else who belongs to their sex. All other factual allegations are denied.

130.    To the extent Paragraph 131 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself.

131.    To the extent Paragraph 131 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied.

132.    Intervenor admits that "gender dysphoria" is a condition in the current edition of the Diagnostic and Statistical Manual,[1] which is used in the diagnosis of mental health conditions. Intervenor denies the accuracy of the Plaintiff's characterization of the term. The

---

[1] *See* American Psychiatric Association, *Diagnostic and statistical manual of mental disorders* (5th ed., text rev.) (2022). https://doi.org/10.1176/appi.books.9780890425787

term replaced the former diagnosis of "gender identity disorder," which recognized the belief that one belongs to the opposite sex is pathological.[2] All other allegations are denied.

133.    Intervenor denies the allegations in Paragraph 133. Intervenor specifically denies that the allegations accurately or completely characterize the current state of medical and scientific debate regarding the treatment of gender dysphoria. Intervenor avers that the allegations in Paragraph 133 omit material facts concerning the vigorous and well-documented dissent among medical professionals, including concerns regarding the therapeutic efficacy and long-term social, psychological, and medical consequences of affirming interventions for patients experiencing gender dysphoria.

134.    To the extent Paragraph 134 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied.

135.    To the extent Paragraph 135 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied.

136.    To the extent Paragraph 136 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied.

137.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137.

---

[2] *See* Stella O'Malley, *Gender Dysphoria: A terrible diagnosis and an even more flawed treatment approach — Genspect* (November 1, 2024), *available at:* https://genspect.org/gender-dysphoria-a-terrible-diagnosis-and-an-even-more-flawed-treatment-approach/ (*accessed* May 29, 2026).

138.    Intervenor denies that there is no credible evidence showing that allowing men to use female facilities jeopardizes women's safety. There is overwhelming evidence that men pose a greater threat of violence to women than other women do.

139.    To the extent Paragraph 139 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied.

140.    The allegations in paragraph 140 are legal conclusions to which no response is required.

141.    The allegations in paragraph 141 are legal conclusions to which no response is required.

142.    The allegations in paragraph 142 are legal conclusions to which no response is required.

143.    To the extent Paragraph 143 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

144.    To the extent Paragraph 144 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied.

145.    The allegations in paragraph 145 are legal conclusions to which no response is required.

146.    To the extent Paragraph 146 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the

document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

147.    To the extent Paragraph 147 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

148.    Intervenor denies the allegations in paragraph 148 and submits that no effort has been made to ascertain the effect of male presence in women's bathrooms on the "dignity, safety, and well-being" of women who work in or regularly use federal office buildings.

149.    Intervenor admits that President Donald J. Trump issued the Executive Order on January 20, 2025.

150.    To the extent Paragraph 150 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required. Specifically, Intervenor denies that linking sex to gamete production is "biologically incoherent" and denies doing so rejects medical consensus or science.

151.    To the extent Paragraph 151 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

152.    Intervenor admits individuals may be born with variations in their secondary sex traits but denies Plaintiff's suggestion that this complicates the binary nature of sex.

153. To the extent Paragraph 153 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied.

154. To the extent Paragraph 154 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

155. The allegations in paragraph 155 are legal conclusions to which no response is required.

156. The allegations in paragraph 156 are legal conclusions to which no response is required.

157. The allegations in paragraph 157 are legal conclusions to which no response is required.

158. To the extent Paragraph 158 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

159. To the extent Paragraph 159 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

160. The allegations of Paragraph 160 are legal conclusions to which no response is required.

161. To the extent Paragraph 161 references a document, the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

162. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162.

163. To the extent Paragraph 163 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

164. To the extent Paragraph 164 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

165. To the extent Paragraph 165 quotes a document, Intervenor admits the quoted language appears in the document but denies Plaintiff's characterization of it, and states that the document speaks for itself. All other allegations are denied or contain legal conclusions to which no response is required.

166. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166.

167. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 167.

168. Intervenor admits that the Executive Order, the referenced documents from OPM and GSA, and Agency Implementation Actions to the extent known to Intervenor prohibit

Plaintiff from using the women's restroom in federal buildings. Intervenor otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 168.

169.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 169.

170.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 170.

171.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 171.

172.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 172. Concerning the last sentence of the paragraph, we note Plaintiff's lawsuit is intended to create precisely such obstacles for female federal employees like Jane Doe, who will not use women's rooms that are open to men.

173.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 173.

174.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 174.

175.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 175.

176.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 176.

177.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 177 except concerning the assertion that Plaintiff

used women's restrooms "without any issues." There is no indication in his 212 paragraph Complaint that Plaintiff has made any effort to determine whether his use of women's restrooms created "issues" similar to the ones he alleges of physical discomfort, inconvenience, distress, and embarrassment—not to mention fear of assault—for women forced to share their spaces with him and other men.

178.    Intervenor denies plaintiff is a woman, denies that male use of men's restrooms would be disruptive, and denies that a male is likely to be prevented from using the men's restroom or harmed for that reason. Intervenor notes further that Plaintiff alleges he "came out" as transgender "almost a decade ago," so it is unclear why disclosure of his transgender identity would cause him harm. [Docket # 6, ¶ 2]. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in paragraph 178.

179.    Intervenor denies there is a medical consensus in favor of validating the desire to use wrong sex bathrooms and further denies that male use of women's bathrooms is primarily a medical or psychological issue for the person claiming a discordant "gender identity." Defendant maintains this is a social issue with safety and human rights implications for women and girls.

180.    Intervenor lacks knowledge or information to form a belief about the truth of the allegations in paragraph 180.

181.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 181.

182.    Responses to paragraphs 182–212 appear in the corresponding paragraphs of this Answer, except to the extent affirmative defenses to these paragraphs are required they appear in the "Affirmative Defenses" section of this Answer. Concerning paragraph 182, Intervenor admits

26

Plaintiff has brought this action but denies that Plaintiff is similarly situated to the purported class he seeks to certify.

183.    Intervenor admits that Plaintiff seeks to certify the purported class described in the paragraph but denies that the description provided describes a coherent or legally recognizable class of individuals.

184.    Intervenor admits that it would be inappropriate to include members of the family of any Judge or Magistrate presiding over this action.

185.    Intervenor denies the allegations in paragraph 185. Intervenor specifically denies that "gender identity" has a coherent meaning adequate to certify a class or be recognized in law, that individuals with DSDs are not male or female, and that individuals with DSDs are similarly situated to individuals who identify as the opposite sex from what they are.

186.    Intervenor denies that there exist common questions of law and fact among members of the supposed class. Differences exist between trans-identifying male employees and trans-identifying female employees; between all trans identifying employees and federal employees with DSDs; and between all such employees and employees who claim to be "nonbinary," or "gender fluid," meaning they may identify as different sexes on different days of the week or as no sex at all. Paragraph 186 otherwise contains legal conclusions to which no response is required.

187.    Intervenor lacks knowledge or information sufficient to form an opinion about the facts alleged in paragraph 187.

188.    Intervenor lacks knowledge or information sufficient to form an opinion about the facts alleged in paragraph 188. Subparagraphs 188a-d. contain legal conclusions to which no response is required.

189.    Intervenor denies that Plaintiff's claims are typical of the claims of all individuals who meet the nebulous description of the supposed class. The purported class appears to include federal employees with DSDs, trans-identifying males, trans-identifying females, and individuals who claim to be nonbinary and gender-fluid, in addition to individuals with DSDs. Intervenor denies that individuals with DSDs suffer harm when denied access to opposite sex bathrooms and denies that Plaintiff is situated to represent such individuals (except, potentially, to the extent such individuals identify as transgender). Intervenor otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 189.

190.    Intervenor denies that Plaintiff is likely to fairly and adequately represent individuals in the purported class given their diverse characteristics and interests. Intervenor admits that the ACLU has extensive experience representing individuals who identify as transgender and that the National ACLU and its state affiliates have used litigation, successfully and unsuccessfully, to require states to provide sex trait altering medical interventions to minors and–at taxpayer expense–to death row inmates, to place males–including accused male rapists–in women's prisons, and to allow males in female sports and locker rooms. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 190. For example, we are aware of no cases where the National ACLU or its state affiliates have represented an intersex individual.

191.    Paragraph 191 contains legal conclusions to which no response is necessary. Concerning factual allegations, intervenor lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 191.

192.    The allegations in paragraph 192 are legal conclusions to which no response is required.

193.    The allegations in paragraph 193 are legal conclusions to which no response is required.

194.    The allegations in paragraph 194 are legal conclusions to which no response is required. Intervenor admits the allegations in this paragraph.

195.    The allegations in paragraph 195 are legal conclusions to which no response is required.

196.    The allegations in paragraph 196 are legal conclusions to which no response is required.

197.    The allegations in paragraph 197 are legal conclusions to which no response is required.

198.    The allegations in paragraph 198 are legal conclusions to which no response is required.

199.    The allegations in paragraph 199 are legal conclusions to which no response is required.

200.    The allegations in paragraph 200 are legal conclusions to which no response is required.

201.    The allegations in paragraph 201 are legal conclusions to which no response is required.

202.    The allegations in paragraph 202 are legal conclusions to which no response is required.

203.    The allegations in paragraph 203 are legal conclusions to which no response is required.

204.    The allegations in paragraph 204 are legal conclusions to which no response is required.

205.    The allegations in paragraph 205 are legal conclusions to which no response is required.

206.    The allegations in paragraph 206 are legal conclusions to which no response is required.

207.    The allegations in paragraph 207 are legal conclusions to which no response is required.

208.    The allegations in paragraph 208 are legal conclusions to which no response is required.

209.    The allegations in paragraph 209 are legal conclusions to which no response is required.

210.    The allegations in paragraph 210 are legal conclusions to which no response is required.

211.    The allegations in paragraph 211 are legal conclusions to which no response is required.

212.    The allegations in paragraph 212 are legal conclusions to which no response is required.

**WHEREFORE,** Intervenor denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief. Intervenor specifically denies that Plaintiff is entitled to any judgment, damages, injunctive relief, declaratory relief, attorneys' fees, costs, or any other relief whatsoever. Intervenor respectfully prays that this Court:

(a) dismiss the Complaint in its entirety with prejudice;

(b) enter judgment in favor of Intervenor and against Plaintiff on all claims;

(c) award Intervenor its reasonable costs and attorneys' fees to the extent permitted by law; and

(d) grant such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES.

1.     The proposed class does not meet the standards for certification under FRCP 23:

    a.   There are no questions of law or fact common to the class;

    b.   the claims or defenses of the representative parties are not typical of the claims or defenses of the class; and

    c.   it is not clear that the representative party will fairly and adequately protect the interests of the class.

2.     Plaintiff fails to state a claim upon which relief can be granted.

3.     Plaintiff's claims are barred because plaintiff has suffered no injury.

4.     Plaintiffs' claims are barred, in whole or in part, because the relief Plaintiff seeks in this action would cause Defendants to violate the Equal Protection Clause of the U.S. Constitution, and other applicable federal and state statutory provisions and regulations.

5.     Plaintiff's Title VII claim may not prevail because Title VII does not grant male access to women's bathrooms in the workplace. While Plaintiff attempts to bootstrap Plaintiff's Title VII claims the *Bostock* decision, the Court in that decision expressly limited its holding, stating: "we do not purport to address bathrooms, locker rooms, or anything else of the kind." *Bostock v. Clayton County,* 590 U.S. 644, 681 (2020).

6.      The OPM Memoranda, the GSA Rescission and relevant Agency Implementation Actions were appropriately promulgated and consistent with law. They are supported on their face by important governmental interests.

7.      The OPM Memoranda, the GSA Rescission and relevant Agency Implementation Actions are not arbitrary and capricious. To the extent they overturn existing governmental policies, those policies were themselves arbitrary, capricious, and contrary to law. An agency has "good cause" to overturn a clearly unlawful rule without resort to notice and comment processes.

8.      Proposed Intervenor hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other Defendant to the extent that Proposed Intervenor may share in such defense.

9.      Proposed Intervenor reserves the right to raise additional affirmative defenses as may be established during discovery and by the evidence in this case.

Respectfully Submitted,

<u>/s/  Nancy K. Stade</u>

Nancy K. Stade (D.D.C. Bar No. 471601)
Women's Liberation Front
1930 18th Street NW,
Suite B2 #2036
Washington, DC 20009
boardtreasurer@womensliberationfront.org

Karin M. Sweigart
Sweigart Murdock, LLP
1160 Battery Street, Suite 100
San Francisco, California 94111
Telephone: (415) 873-0123
Facsimile: (873) 890-0791
Email: Karin.Sweigart@sm-llp.com

*Counsel for Proposed Defendant-Intervenor*

32

33