**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEANNE WITHROW,<br><br>                    *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF<br>AMERICA, et al.<br><br><br>                    *Defendants.* | Case No.: 1:25-cv-04073-JMC<br><br>**ORAL HEARING REQUESTED** |

**PROPOSED DEFENDANT- INTERVENOR'S MOTION TO PROCEED**

**ANONYMOUSLY**

Defendant-Intervenor Jane Doe hereby moves to leave of court to proceed anonymously. This motion is made pursuant to Federal Rule of Civil Procedure 10(a) and is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Jane Doe, and such argument counsel may present at any hearing ordered by this Court.

Pursuant to Local Rule 7(f), Jane Doe respectfully request an oral hearing on her motion.

Dated: June 19, 2026                    Respectfully submitted,


                                        */s/ Karin M. Sweigart*

                                        Karin M. Sweigart
                                        (Bar #CA00145)
                                        Jesse D. Franklin-Murdock
                                        (Bar #CA00147)

SWEIGART MURDOCK, LLP
1160 Battery Street, Suite 100
San Francisco, California 94111
(415) 873-0123
Karin.Sweigart@sm-llp.com
Jesse@sm-llp.com

Nancy K. Stade (D.D.C. Bar No. 471601)
Women's Liberation Front
1930 18th Street NW,
Suite B2 #2036
Washington, DC 20009
boardtreasurer@womensliberationfront.org

*Counsel for Defendant-Intervenor*
 *Jane Doe*

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Proposed Defendant-Intervenor respectfully moves to intervene in the case brought by Plaintiff Leanne Withrow against the United States of America, wherein Plaintiff argues that transgender-identifying males should have access to women's restrooms and private spaces within Federal buildings. Proposed Defendant-Intervenor, a female federal employee and survivor of sexual assault, seeks to join this action to defend her right, as a woman, to private female-only restrooms and spaces.

This motion separately requests that Proposed Defendant-Intervenor be permitted to proceed under the pseudonym "Jane Doe" to protect her privacy interests and avoid the real possibility of harassment and other harms.

The presumption in favor of disclosure yields here because Proposed Defendant-Intervenor's privacy interests are compelling and the public interest in her specific identity is minimal. The facts most relevant to the public—her sex, status as a federal employee, and the nature of her claims—will be fully disclosed. Anonymity is necessary solely to shield her from a credible risk of doxxing, harassment, retaliation, and professional harm.

**ARGUMENT**

While the federal rules include a general requirement that parties must identify themselves in a lawsuit, courts maintain discretion to evaluate cases individually for purposes of allowing a party to proceed anonymously. *See* Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). Although the rule reflects a "presumption in favor of disclosure [of litigants' identities], because of a 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings," *Doe v. Georgetown University*, 2025 WL 2829164, at *1 (D.D.C. Oct. 6, 2025), citing *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting *Wash. Legal Found.*

*v. U.S. Sentencing Comm'n,* 89 F.3d 897, 899 (D.C. Cir. 1996)), the decision whether to grant

anonymity rests with the court. The District of Columbia District Court has determined that "[a]

party moving to proceed pseudonymously thus carries the 'burden of both demonstrating a

concrete need for such secrecy, and identifying the consequences that would likely befall it if

forced to proceed  in its own name.'" *Id*., citing *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir.

2020). "As a result, the court must 'balance the litigant's legitimate interest in anonymity against

countervailing interests in full disclosure' by applying a 'flexible and fact driven' balancing

test." *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96)." *Id.*  With an established five-factor test, the

Court weighs the public interest in disclosure against the following factors:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> [3] the ages of the persons whose privacy interests are sought to be protected;
> [4] whether the action is against a governmental or private party; and relatedly,
>  [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id*. at 326–27 (quoting *In re Sealed Case*, 931 F.3d at 97) (first alteration in original); *Doe*

*v. Georgetown University*, 2025 WL 2829164, at *1 (D.D.C. Oct. 6, 2025) (cleaned up).

These "non-exhaustive" factors create a balancing test in which the movant must show

"that their privacy interests outweigh the public's presumptive and substantial interest in learning

their identities".  *Molina v. U.S. Department of Homeland Security*, 2025 WL 2800807, at *1

(D.D.C. Oct. 1, 2025).  "No single factor is necessarily determinative; a court 'should carefully

review *all* the circumstances of a given case and then decide whether the customary practice of

disclosing the plaintiff's identity should yield' to the plaintiff's request for anonymity." *Doe v.*

*Teti*, 2015 WL 6689862, at*2 (D.D.C. Oct.19, 2015) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

Before weighing these factors here, it is important to note the nature of the public interest in disclosure in this matter. While the public assuredly has an interest in knowing that a female federal employee has stepped up to seek intervention in a matter that uniquely affects women's rights, the public interest in the name and other precise identifying facts of this woman is negligible.

I. THE HIGHLY SENSITIVE AND PERSONAL NATURE OF THIS CASE STRONGLY FAVORS ANONYMITY

Proposed Defendant-Intervenor seeks to remain free from the presence of men in her private and intimate spaces. Declaration of Jane Doe ("Doe Decl.") ¶¶ 20–23. This interest is particularly acute because she is a survivor of sexual assault—a fact she has disclosed in her supporting affidavit solely to demonstrate the profound harm she would suffer if men were permitted access to those spaces. Doe Decl. ¶ 28. Given the intensely personal nature of this trauma and the serious personal and professional consequences that could flow from its public disclosure, anonymity as a Doe defendant-intervenor is necessary to protect her safety, dignity, and psychological well-being. Doe Decl. ¶ 29.

Sexual assault survivorship and the fear of male intrusion into intimate spaces implicate precisely the types of "highly sensitive" privacy interests—bodily autonomy, personal safety, and trauma—that courts in this District routinely protect through pseudonymity. *Doe v. American University*, 2026 WL 872931, at *2 (D.D.C. March 31, 2026) (citing *Doe v. Cabrera* 307 F.R.D. 1, 5 (D.D.C. 2014)). In *Coalition for Humane Immigrant Rights v. Mullin*, 2026 WL 936034, at *1 (D.D.C. Apr. 7, 2026), this Court held that the first factor weighed in favor of anonymity where the petitioners' asylum claims were based on personal accounts of abuse, harassment, and threats.

5

The court expressly recognized these experiences as "personal and sensitive information," even though they did not involve sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors. This precedent confirms that highly personal trauma and abuse, standing alone, can be sufficient to justify proceeding anonymously. Doe Decl. ¶ 29.

II.   PROPOSED DEFENDANT INTERVENOR FACES A REAL AND SUBSTANTIAL RISK OF RETALIATION AND HARM.

Proposed Defendant-Intervenor faces a credible and well-documented risk of retaliatory physical or mental harm, including doxxing, harassment, threats, ostracism, and career destruction. *Doe v. American University*, 2026 WL 872931, at *3 (D.D.C. March 31, 2026) (quoting *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020)).  Her fear is not speculative. As a survivor of sexual assault who holds views that only biological females should be permitted access to female-only paces, Doe would be thrust into a highly polarized debate in which women expressing identical positions have been routinely targeted. Other women expressing Doe's views have been subjected to documented campaigns of cancellation, including loss of employment, speaking opportunities, and social standing.[1]

Individuals who express the belief that biological sex is real and immutable—particularly women—routinely face doxxing, harassment, threats, and professional destruction. "Doxxing" is the practice of publicly releasing personal information to enable retribution, harassment, or humiliation. *Hilton Parker LLC v. John Doe Corp.*, 2022 WL 3682278, at n.3 (S.D. Ohio Aug. 25, 2022). For example, in *Braun v. Day*, 2025 WL 662081, at *1 (N.D. Ill. Feb. 28, 2025), a content creator labeled a "TERF" and "transphobic" suffered rapid online dissemination of the accusations,

---

[1] *See* Women's Liberation Front, *List of Women Canceled in the United States Over Gender Ideology,* available at https://womensliberationfront.org/list-of-cancelled-women (compiling examples of woment who have lost livelihoods and platforms for believing sex is real and immutable.)

loss of followers, severed professional relationships, and cancellation of sponsorships and contracts. In *Darlingh v. Maddaleni*, 2023 WL 2697754, at *1 (E.D. Wis. Mar. 13, 2023), an elementary school guidance counselor was fired after voicing gender-critical views at a rally where opponents directed threats at attendees and slurs such as "TERF" and "lesbian Nazi." In a Texas custody case, a father endured doxxing and online accusations of being a "fascist," "racist," "rapist," and "vile human being" who "hates trans women," resulting in over one hundred calls to his workplace and his termination. *Interest of O.S.*, 2025 WL 728107, at *6–7 (Tex. Ct. App. Mar. 6, 2025).

The Women's Liberation Front's ongoing compilation alone documents dozens of such cases involving loss of employment, professional opportunities, and personal safety. Women's Liberation Front, *List of Women Canceled in the United States Over Gender Ideology*, available at https://womensliberationfront.org/list-of-cancelled-women (last visited June 16, 2026). High-profile incidents include Riley Gaines being forced off stage and hidden by police after activists stormed her speech,[2] and author J.K. Rowling's experience of doxxing (including publication of her home address) and repeated death threats.[3] Similar patterns of intimidation, threats, and violence against women defending sex-based rights have been catalogued in the United Kingdom. A National Association of Attorneys General journal article confirms that online harassment and doxxing disproportionately target those involved in politically salient issues. *The Escalating Threats of Doxxing and Swatting*, Nat'l Ass'n of Att'ys Gen. (Aug. 12, 2025).

---

[2] K. Lloyd Billingsley, California Versus Free Speech: Mobsters Who Attacked Riley Gaines Get Off Scot-Free, Independent Institute (Feb. 29, 2024), https://www.independent.org/article/2024/02/29/california-versus-free-speech-mobsters-who-attacked-riley-gaines-get-off-scot-free/.
[3] Michael Hobbes, Did Trans Activists Doxx J.K. Rowling?, Confirm My Choices (Nov. 23, 2021), https://michaelhobbes.substack.com/p/doxx-jk-rowling

Given this consistent pattern of retaliation, anonymity is essential. Without it, a severe chilling effect will deter similarly situated women from participating in public debate or seeking judicial relief.

III.     THE THIRD FACTOR IS NEUTRAL AND THE FOURTH FACTOR FAVORS ANONYMITY AS PROPOSED DEFENDANT-INTERVENOR OPPOSES A FEDERAL GOVERNMENT POLICY.

The third factor is neutral because no litigant in this case is a minor.

The fourth factor supports pseudonymity when a governmental action or policy is challenged and the individual seeking to use a pseudonym is not accused of wrongdoing. *See Yacovelli v. Moeser*, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004). Here, although Proposed Defendant-Intervenor is intervening as a defendant, she is an innocent, non-wrongdoer seeking to shape federal policy.

IV.     THERE IS NO RISK OF UNFAIRNESS OR PREJUDICE TO THE OTHER PARTIES.

The fifth factor—whether the plaintiff would suffer unfairness or prejudice from the grant of anonymity—weighs in Proposed Defendant-Intervenor's favor. This is a legal dispute in which the most relevant facts are Proposed Defendant-Intervenor's sex, her status as a federal employee, her history as a sexual assault survivor, and the circumstances of her employment. Her specific identity and other closely identifying personal details are not necessary to litigate the case's claims. Proposed Defendant-Intervenor could be any similarly situated female federal employee; the plaintiff's arguments would remain the same. Accordingly, anonymity imposes no material prejudice on the plaintiff.

## CONCLUSION

In sum, the five-factor balancing test overwhelmingly favors permitting Proposed Defendant-Intervenor to proceed anonymously. She seeks to assert a position that requires

8

disclosure of sensitive personal information and would expose her to a credible risk of doxxing, harassment, and retaliation. The factors collectively demonstrate that her need for anonymity outweighs any countervailing interest in public disclosure. Proposed Defendant-Intervenor therefore respectfully requests leave to proceed as Jane Doe.


Dated: June 19, 2026                                    Respectfully Submitted,

                                                        /s/  *Karin M. Sweigart*
                                                        Karin M. Sweigart
                                                        (Bar #CA00145)
                                                        Sweigart Murdock, LLP
                                                        1160 Battery Street, Suite 100
                                                        San Francisco, California 94111
                                                        Telephone: (415) 873-0123
                                                        Facsimile: (873) 890-0791
                                                        Email: Karin.Sweigart@sm-llp.com

                                                        Nancy K. Stade (D.D.C. Bar No. 471601)
                                                        Women's Liberation Front
                                                        1930 18th Street NW,
                                                        Suite B2 #2036
                                                        Washington, DC 20009
                                                        boardtreasurer@womensliberationfront.org

                                                        *Counsel for Proposed Defendant-Intervenor*


9