**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LEANNE WITHROW,
*on behalf of herself and all persons similarly situated,*

*Plaintiff*

v.

UNITED STATES OF AMERICA et al.,

*Defendants.*

Civil Action No. 1:25-cv-04073-JMC

**PLAINTIFF'S OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR'S
MOTION TO INTERVENE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..........................................................................................ii

INTRODUCTION .....................................................................................................1

FACTUAL BACKGROUND.......................................................................................1

ARGUMENT............................................................................................................3

I.      Ms. Doe Does Not Qualify for Intervention as of Right.........................................3

        A.      The Federal Government Adequately Represents Ms. Doe's Asserted
                Interests In This Case.................................................................................3

        B.      Ms. Doe Cannot Overcome the Presumption of Adequacy.........................4

        C.      Ms. Doe Has No Legally Protected Interest That Will Be Impaired By The
                Outcome of This Case................................................................................4

II.     The Court Should Deny Ms. Doe's Request for Permissive Intervention..............6

III.    Ms. Doe Lacks Article III Standing..........................................................................8

IV.     Ms. Doe's Motion to Intervene Should Be Held In Abeyance Pending the
        Resolution of Defendants' Motion to Dismiss and Plaintiff's Motion for Class
        Certification. ...........................................................................................................11

CONCLUSION.........................................................................................................11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aristotle Int'l, Inc. v. NGP Software, Inc.*,
  714 F. Supp. 2d 1 (D.D.C. 2010) ..................................................................................6

*Atlantic Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*,
  272 F.R.D. 26 (D.D.C. 2010) ........................................................................................3

*Biden v. United States Internal Revenue Serv.*,
  752 F. Supp. 3d 97 (D.D.C. 2024) ................................................................................5

*Bldg. & Constr. Trades Dep't v. Reich*,
  40 F.3d 1275 (D.C. Cir. 1994) ......................................................................................4

*Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*,
  788 F.3d 312 (D.C. Cir. 2015) ...............................................................................5, 8, 9

*Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*,
  340 F.R.D. 1 (D.D.C. 2021) ..........................................................................................6

*Equal Emp't Opportunity Comm'n v. Nat'l Children's Ctr.*,
  146 F.3d 1042 (D.C. Cir. 1998) ....................................................................................6

*Friends of Earth v. Haaland*,
  No. 21-cv-2317, 2022 WL 136763 (D.D.C. Jan. 15, 2022) ......................................6, 7

*IGas Holdings, Inc. v. Env't Prot. Agency*,
  146 F.4th 1126 (D.C. Cir. 2025), *cert. denied sub nom. RMS OF GA, LLC v.
  EPA, ET AL.*, No. 25-1079, 2026 WL 1780110 (U.S. June 22, 2026) ...........................8

*Institutional S'holder Servs., Inc. v. Sec. & Exch. Comm'n*,
  142 F.4th 757 (D.C. Cir. 2025) .....................................................................................8

*Las Americas Immigrant Advoc. Ctr. v. U.S. Dep't of Homeland Sec.*,
  348 F.R.D. 397 (D.D.C. 2025) ...................................................................................7, 8

*Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*,
  591 U.S. 657 (2020) .......................................................................................................8

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) .....................................................................................................10

*Lusardi v. Dep't of the Army*,
  EEOC Appeal No. 0120133395, 2015 WL 1607756 (Apr. 1, 2015) ........................7, 10

*Mass. Sch. of L. at Andover, Inc. v. United States*,
  118 F.3d 776 (D.C. Cir. 1997) .......................................................................................6

*P.J.E.S. by & through Francisco v. Mayorkas*,
  652 F. Supp. 3d 103 (D.D.C. 2023) ..............................................................................11

*Safari Club Int'l v. Salazar*,
  281 F.R.D. 32 (D.D.C. 2012).........................................................................................5

*Sierra Club v. McCarthy*,
  308 F.R.D. 9 (D.D.C. 2015)........................................................................................4, 5

*Stuart v. Huff*,
  706 F.3d 345 (4th Cir. 2013) .........................................................................................7

*Susan B. Anthony List v. Driehaus*,
  573 U.S. 149 (2014).......................................................................................................9

*Town of Chester v. Laroe Estates*,
  581 U.S. 433 (2017).......................................................................................................8

*United Mexican States v. Lion Mexico Consolidated, L.P.*,
  172 F.4th 1 (D.C. Cir. 2026)..........................................................................................3

*United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*,
  45 F.4th 426 (D.C. Cir. 2022).......................................................................................3

*United States v. Am. Tel. & Co.*,
  642 F.2d 1285 (D.C. Cir. 1980)...................................................................................4, 5

*Waterkeeper Alliance, Inc. v. Wheeler*,
  330 F.R.D. 1 (D.D.C. 2018)...........................................................................................5

## Rules

Fed. R. Civ. P. 24.................................................................................................................3

Fed. R. Civ. P. 24(a)(2)....................................................................................................3, 5

Fed. R. Civ. P. 24(b)(3).......................................................................................................6

## Other Authorities

Executive Order 14168 ........................................................................................................1

**INTRODUCTION**

Proposed Defendant-Intervenor Jane Doe should not be permitted to intervene in this case. Ms. Doe seeks to intervene as a defendant based on her asserted interests in maintaining bathroom policies that exclude transgender and intersex women from women's restrooms. ECF No. 57 ("Mot.") at 1. But Ms. Doe offers no credible argument, let alone any evidence of special circumstances, that her interests will not be adequately represented by the existing Defendants, who seek the same outcome as Ms. Doe. Further, Ms. Doe is a fully remote employee who alleges no legal interest and no imminent or actual harm from the relief Ms. Withrow seeks in this case. Nor does she allege that she was harmed by the preexisting inclusive restroom policy in place across the federal government prior to the challenged discriminatory Restroom Policy at issue in this case. Her motion to intervene, both as of right and under this Court's discretion, should be denied. At a minimum, the motion should be held in abeyance pending resolution of Defendants' motion to dismiss.

**FACTUAL BACKGROUND**

Ms. LeAnne Withrow is a transgender woman who has served for almost a decade as a civilian federal government employee in the Illinois National Guard, most recently and currently as the Title 5 Lead Military and Family Readiness Specialist. Compl. ¶¶ 26-28. From 2016 to January 2025, transgender federal employees were permitted to use restrooms consistent with their gender, *id.* ¶¶ 5-8, and under those policies she used women's restrooms at work without incident. *Id.* ¶ 13. Following last year's implementation across the federal government of Executive Order 14168's directive to exclude transgender and intersex people from bathrooms consistent with their gender identity, however, she has faced significant concrete harms to both her dignity and her health. *Id.* ¶¶ 169-181.

Ms. Withrow diligently challenged the new Restroom Policy. She filed a class complaint of discrimination on May 5, 2025 with the National Guard Bureau's Illinois National Guard Equal Opportunity Office, the Office of the Secretary of Defense Office of Equal Employment Opportunity Programs, and the U.S. Office of Personnel Management Equal Employment Opportunity Office that was transmitted to the U.S. Equal Employment Opportunity Commission (EEOC) on May 8, 2025. *Id.* ¶ 22. After the EEOC did not remedy the harms facing Ms. Withrow and the class she seeks to represent, *id.*, she filed this case and a motion for class certification in federal court on November 20, 2025. *See* ECF Nos. 1, 4. At Defendants' request, the parties agreed to hold the motion for class certification in abeyance pending Defendants' motion to dismiss, which was to be fully briefed by April 23, 2026. *See* ECF No. 23. Due to subsequent extension requests, *see* ECF No. 54, the motion to dismiss is now fully briefed as of June 12, 2026, *see* ECF No. 56, while the motion for class certification remains in abeyance.

Ms. Doe's motion to intervene and her accompanying declaration make clear that despite having been a federal employee for eighteen years, Ms. Doe has not experienced any harm while the prior inclusive restroom policy was in force from 2016 until January 2025. *Compare* ECF No. 57-1 (Doe Decl.) ¶¶ 5, 7-8 (describing Ms. Doe's work history prior to 2025, when the Restroom Policy was issued) *with* ECF No. 45, at 8-9 (describing the inclusive restroom policies in place across the federal workforce between 2016 and 2025). Ms. Doe likewise does not allege ever having experienced harm from using a restroom at the same time as a transgender woman. Ms. Doe has worked remotely since 2025 with no imminent plans to return to the office. Doe Decl. ¶¶ 17-19. Ms. Doe's motion describes Ms. Doe's fear that the relief requested by Ms. Withrow will result in women's restrooms "that men can enter at will," Mot. at 11, which bears no relation to the relief requested by Ms. Withrow and the class she seeks to represent.

**ARGUMENT**

**I.     MS. DOE DOES NOT QUALIFY FOR INTERVENTION AS OF RIGHT.**

To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), a proposed intervenor must satisfy four requirements: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *United Mexican States v. Lion Mexico Consolidated, L.P.*, 172 F.4th 1, 11 (D.C. Cir. 2026) (citation omitted). Because Ms. Doe has not demonstrated that she can meet these requirements, she is not entitled to intervention as of right under Rule 24(a)(2).[1]

As discussed *infra* Section III, Ms. Doe also lacks Article III standing, which is required for intervention in the D.C. Circuit. However, because Ms. Doe does not meet the requirements for intervention under Rule 24, the Court need not reach the standing issue.

**A.     The Federal Government Adequately Represents Ms. Doe's Asserted Interests In This Case.**

Ms. Doe is not entitled to intervene under Rule 24(a)(2) because the federal government adequately represents Ms. Doe's interests in this case. Importantly, courts "presume" that a proposed intervenor is "adequately represented" if the proposed intervenor and a party in the case "both have the same ultimate objective." *Atlantic Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 272 F.R.D. 26, 30 (D.D.C. 2010). This presumption may be overcome "by showing the existence of special circumstances that make the representation inadequate." *Id.* These circumstances include "demonstrating [an] inten[t] to raise claims or arguments that would not otherwise be raised." *Id.*; *see also United States v. All Assets Held at Credit Suisse (Guernsey)*

---

[1] While there is certainly an argument that Ms. Doe's challenge is untimely, given that her motion was filed more than seven months after this case was filed, there are numerous other grounds on which to deny her motion as detailed *infra*.

*Ltd.*, 45 F.4th 426, 432 (D.C. Cir. 2022) ("A would-be intervenor is adequately represented when she 'offer[s] no argument not also pressed by' an existing party.") (quoting *Bldg. & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994)).

### B.    Ms. Doe Cannot Overcome the Presumption of Adequacy.

Here, Ms. Doe acknowledges that she and Defendants share the same objective: preserving the discriminatory policies Ms. Withrow challenges. Mot. at 1. Ms. Doe's arguments are seemingly identical to those set forth by the government. Ms. Doe admits that the government has raised the claims and arguments she would advance, conceding that "the government addresses the issues of safety, privacy, and dignity in single-sex bathrooms." Mot. at 14-15.[2] The federal government also clearly presses Ms. Doe's argument that sex does not include gender identity. ECF No. 28 at 19-20. While Ms. Doe asserts that the federal government has thus far failed to counter Ms. Withrow's representation that she had no problems using the women's restroom in the past, this is neither a claim nor an argument; it is a factual dispute not relevant on a motion to dismiss (and of which Ms. Doe has no personal knowledge). Ms. Doe has plainly failed to show the existence of any special circumstances that make the government's representation of her interests inadequate.

### C.    Ms. Doe Has No Legally Protected Interest That Will Be Impaired By The Outcome of This Case.

For purposes of intervention, a legally protected interest is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Sierra Club v. McCarthy*, 308 F.R.D. 9, 11 (D.D.C. 2015) (quoting *United States v. Am. Tel. & Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980)). When seeking to intervene as a defendant,

---

[2] Ms. Doe also asserts that she seeks to argue that there is "increased risk" of "sexual violence and harassment" resulting from transgender women using women's restrooms. Mot. 15. This, of course, would also be an argument relating to safety and privacy in bathrooms, which Ms. Doe concedes the government does address.

the proposed intervenor must demonstrate that "this action impair[s] or impede[s]" this interest "should plaintiff's challenge succeed." *Waterkeeper Alliance, Inc. v. Wheeler*, 330 F.R.D. 1, 7 (D.D.C. 2018). In making this determination, courts "look to the practical consequences of denying intervention." *Biden v. United States Internal Revenue Serv.*, 752 F. Supp. 3d 97, 110 (D.D.C. 2024) (citation modified).

Ms. Doe's claimed interest in "maintaining single sex bathrooms in federal buildings to protect her safety, privacy, and dignity," absent any assertion that she has been harmed by using bathrooms in federal buildings during the decade prior to the current discriminatory policy's implementation, falls well short of the mark. Mot. at 14. Because, as explained below, Ms. Doe lacks standing under Article III, she cannot demonstrate that she has a legally protected interest that Ms. Withrow's case will impair or impede. *See Safari Club Int'l v. Salazar*, 281 F.R.D. 32, 37-38 (D.D.C. 2012).

Ms. Doe's invocation of the *Crossroads* standard here is unavailing. *See* Mot. at 14. Importantly, she has not explained how the claimed benefits to her dignity, safety, and privacy will be removed by the "*direct legal* operation and effect" of a favorable judgment for Ms. Withrow. *Sierra Club*, 308 F.R.D. at 11 (emphasis added). Ms. Doe may prefer that the restrooms in federal workplaces exclude transgender women, but Rule 24(a)(2) does not protect preferences or other "interests of a general and indefinite character." *Biden*, 752 F. Supp. 3d at 110 (quoting *Am. Tel. & Co.*, 642 F.2d at 1292). This is particularly true because transgender federal employees like Ms. Withrow were permitted to use restrooms consistent with their gender identity for nearly nine years during which Ms. Doe was a federal employee. Ms. Doe has not alleged, let alone demonstrated, that the benefits to her dignity, safety, and privacy were affected at all during this time.

## II.    THE COURT SHOULD DENY MS. DOE'S REQUEST FOR PERMISSIVE INTERVENTION.

Rule 24(b) allows—but does not require—courts to grant permissive intervention to movants whose claim or defense shares a common question with the main action. *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 340 F.R.D. 1, 5-6 (D.D.C. 2021). In addition to demonstrating "an independent ground for subject matter jurisdiction," *id.*, which Ms. Doe fails to do for the reasons described *infra*, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). The phrase "delay or prejudice" "captures all the possible drawbacks of piling on parties." *Mass. Sch. of L. at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997).

Importantly, courts "have the discretion . . . to deny a motion for permissive intervention even if" these threshold requirements are met. *Ctr. for Biological Diversity*, 340 F.R.D. at 6 (citing *Equal Emp't Opportunity Comm'n v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1048 (D.C. Cir. 1998)). In exercising its discretion, this Court may consider "the nature and extent of the applicant's interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to . . . the just and equitable adjudication of the legal question presented." *Friends of Earth v. Haaland*, No. 21-cv-2317, 2022 WL 136763, at *2 (D.D.C. Jan. 15, 2022) (citing *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 18 (D.D.C. 2010)). For all the same reasons that Ms. Doe fails to establish a right to mandatory intervention, she also fails to show that granting her permissive intervention would aid in the "just and equitable adjudication" of the case. The degree to which her interests are adequately represented by the government is very high, as described *supra* at 3-4. And while Ms. Doe argues that granting intervention would "ensur[e] the Court hears from a female federal employee, a member of the group most directly affected by Plaintiff's" challenge, Mot. at 17, she

-6-

has failed to show how that perspective either (a) is not presented by Defendants or (b) would at all aid in the "just and equitable adjudication of the legal question[s] presented." *Friends of Earth*, 2022 WL 136763, at *2. Ms. Doe works fully remotely and does not allege that she has ever encountered transgender women in a federal workplace restroom, or that she suffered any harm during the nine years when the federal government followed *Lusardi*.

On the other side of the ledger, allowing Ms. Doe to intervene would prejudice Ms. Withrow by burdening the proceedings with additional briefs, discovery requests, and scheduling conflicts. *See, e.g., Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013) ("It is incontrovertible that motions to intervene can have profound implications for district courts' trial management functions. Additional parties can complicate routine scheduling orders, prolong and increase the burdens of discovery and motion practice, thwart settlement, and delay trial.").

Moreover, to the extent that discovery in this case requires Ms. Withrow to disclose sensitive personal or medical information, it would seriously infringe on Ms. Withrow's privacy rights to share that sensitive private information with Ms. Doe and her counsel at the Women's Liberation Front, an organization that is dedicated to opposing antidiscrimination protections for transgender people and that insists on misgendering Ms. Withrow throughout its legal filings. *See e.g.,* ECF No. 57-2 (Doe's Proposed Answer) ¶ 1 ("Intervenor denies any suggestion in paragraph 1 that Plaintiff is a woman and in all other paragraphs that use female pronouns or titles to refer to Plaintiff or otherwise suggest Plaintiff is a woman.").

To the extent that Ms. Doe wishes to share her views with the Court, she may do so by submitting an amicus brief. *Las Americas Immigrant Advoc. Ctr. v. U.S. Dep't of Homeland Sec.*, 348 F.R.D. 397, 404 (D.D.C. 2025); *Friends of Earth*, 2022 WL 136763, at *18-19. Indeed, a group of federal employees who support the Restroom Policy has already done so in this case. *See*

ECF No. 34 (Feds for Freedom amicus brief).

## III.    MS. DOE LACKS ARTICLE III STANDING.

The motion for intervention either as of right or permissively fails, as described *supra*. But even if Ms. Doe met those requirements, under existing D.C. Circuit precedent, she would have another hurdle to clear. *See IGas Holdings, Inc. v. Env't Prot. Agency*, 146 F.4th 1126, 1135 n.2 (D.C. Cir. 2025), *cert. denied sub nom. RMS OF GA, LLC v. EPA, ET AL.*, No. 25-1079, 2026 WL 1780110 (U.S. June 22, 2026) ("Article III standing is a prerequisite to intervention, even as a respondent."). The D.C. Circuit has preserved this requirement to avoid instances where "any organization or individual with only a philosophic identification with a defendant—or a concern with a possible unfavorable precedent—could attempt to intervene and influence the course of litigation." *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015) (citation omitted).[3] Because Ms. Doe cannot show she has a legally protected interest related to this case, she also cannot demonstrate Article III standing.

To establish standing, the putative defendant-intervenor must plausibly allege that a judgment in favor of the plaintiff would cause the movant to experience an (a) injury in fact that is (b) traceable to the judgment and (c) redressable by the court. "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or

---

[3] Ms. Doe argues that the D.C. Circuit's precedent has been called into doubt by intervening Supreme Court precedent, including *Town of Chester v. Laroe Estates*, 581 U.S. 433 (2017). Mot. 7-8. District courts in this Circuit are divided over whether this precedent has been abrogated by *Town of Chester* and *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657 (2020). The D.C. Circuit has acknowledged tension between its current precedent and those intervening decisions, *see IGas Holdings*, 146 F.4th at 1135 n.2, but has not resolved the issue, *see Institutional S'holder Servs., Inc. v. Sec. & Exch. Comm'n*, 142 F.4th 757, 764 n.3 (D.C. Cir. 2025). Moreover, neither *Town of Chester* nor *Little Sisters of the Poor* "addressed whether a putative *defendant*-intervenor must possess standing." *Las Americas Immigrant Advoc. Ctr.*, 348 F.R.D. at 402 (emphasis in original). As a result, this Court must "follow the D.C. Circuit's holding that 'when a party tries to intervene as another defendant,' it is 'required to demonstrate Article III standing.'" *Id.* (quoting *Crossroads*, 788 F.3d at 316).

hypothetical." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation modified). "An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Id.* (citation modified).

Ms. Doe argues that she has standing because she currently "benefits from agency action" excluding transgender women from women's restrooms, and that a ruling in Ms. Withrow's favor "would remove the . . . benefit." Mot. at 12 (quoting *Crossroads*, 788 F.3d at 317). Specifically, Ms. Doe alleges that the exclusion of transgender women prevents her from experiencing two types of harms: (a) the harm of actually sharing a restroom with a transgender woman, and (b) the harm caused by *not* using the restroom to avoid the possibility of encountering transgender women.

The glaring problem with Ms. Doe's argument is that these alleged harms are not certainly impending, and there is no risk—let alone substantial risk—that the harm will occur. Ms. Doe will not experience harms related to sharing a restroom with a transgender woman at work because she has no occasion to use government restrooms while at work in her current role. Ms. Doe currently works as a fully remote employee. *See* Doe Decl. ¶¶ 15-17. She is eligible for fully remote work during her husband's 3-year term of active-duty service, which began in October 2025. *Id.* Ms. Doe speculates that she may have to return to the office if there are changes "in the work-from-home exemption, [her] husband's active-duty status, [or] any change in [her] position, such as taking a promotion or changing jobs." *Id.* ¶ 19. But she does not allege any "concrete" plans, *Susan B. Anthony List*, 573 U.S. at 158, indicating that any of these contingencies are likely to occur. Purely hypothetical possibilities are plainly insufficient to establish that her return to office is "certainly impending" or that there is "a substantial risk" of her having to do so before October 2028 at the earliest. *Id.*

Ms. Doe states, in vague terms that she nevertheless "expect[s] to go into federal office

buildings from time to time for meetings, trainings, or other gatherings" and that she plans to go to an unspecified "office in Arlington VA" for an unspecified "meeting in September." Doe Decl. ¶ 18. But there are no allegations about what restrooms exist at those facilities, including whether there are any single-user facilities available for Ms. Doe to use at these locations. The same goes for Ms. Doe's asserted intentions to "attend[] ceremonies, family days and other military events with" her spouse. *See id.* ¶¶ 21-22; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.").

Moreover, before beginning all-remote work, she worked for many years "in the Pentagon building and in the Taylor building in Arlington, Virginia." Doe Decl. ¶ 7; *see also id.* ¶¶ 12, 14. During that time period, in accordance with the EEOC's decision in *Lusardi v. Dep't of the Army*, EEOC Appeal No. 0120133395, 2015 WL 1607756 (Apr. 1, 2015), the federal government allowed transgender women to use women's restrooms, *see* Compl. ¶¶ 6-7 (citing General Services Administration and Office of Personnel Management directives passed following *Lusardi*), but Ms. Doe does not allege that she experienced any harms whatsoever under that policy. Indeed, the only example of anxiety and restroom avoidance offered by Ms. Doe was related to her visit to a college (with no purported connection to her employment in the federal government or the Restroom Policy at issue in this case) and the potential use of "all gender" restrooms[4] there by

---

[4] As described in Ms. Withrow's opposition to Defendants' motion to dismiss, Ms. Withrow prevailing on her claims in this case in no way requires the imposition of mandatory all-gender (or gender-neutral) restrooms for federal employees. ECF No. 45, at 25. Rather, Ms. Withrow and the class she seeks to represent merely seek access, as non-transgender employees had prior to the Restroom Policy and continue to have under it, to the gendered restrooms that align with their gender identities.

cisgender men—not transgender women. *See* Doe Decl. ¶ 25. Ms. Doe's lack of concrete or particularized injury is fatal to her intervention motion.

**IV.    MS. DOE'S MOTION TO INTERVENE SHOULD BE HELD IN ABEYANCE PENDING THE RESOLUTION OF DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.**

In the alternative, Ms. Withrow requests that Ms. Doe's motion to intervene be held in abeyance until after resolution of the pending motion to dismiss and motion for class certification. Defendants have argued that Ms. Withrow may not proceed with her APA claim and her class claims under Title VII against agencies beyond her individual agency employer. *See generally* ECF Nos. 28, 56. Although Ms. Withrow rejects these arguments, *see generally* ECF No. 45, if the Court dismisses any claims or Defendants, and Ms. Withrow's case proceeds as a Title VII claim on behalf of her as an individual, depending on the scope of relief provided, Ms. Doe's hypothetical interests may not be affected by the resolution of the case. As a result, it is in the interests of judicial economy and efficiency to hold resolution of Ms. Doe's motion to intervene in abeyance pending the outcome of the pending motions that may be dispositive. *See, e.g.*, *P.J.E.S. by & through Francisco v. Mayorkas*, 652 F. Supp. 3d 103, 110 (D.D.C. 2023) ("The power to stay or hold proceedings in abeyance is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (citation modified)).

CONCLUSION

For all these reasons, this Court should deny Proposed Defendant-Intervenor Jane Doe's Motion to Intervene, or in the alternative, hold the motion in abeyance pending the outcome of Defendants' motion to dismiss and Ms. Withrow's motion for class certification.

Dated: July 6, 2026

Respectfully Submitted,

/s/Shana Knizhnik
Shana Knizhnik (D.D.C. Bar No. 120840)
Harper Seldin*
Joshua Block*
American Civil Liberties Union Foundation
125 Broad St., New York, NY 10004
917-716-0609
sknizhnik@aclu.org
hseldin@aclu.org
jblock@aclu.org

Barbara Schwabauer*
American Civil Liberties Union Foundation
915 15th Street NW
Washington, D.C. 20005
212-549-2515
bschwabauer@aclu.org

Michael Perloff (D.C. Bar No. 1601047)
Scott Michelman (D.C. Bar No. 1006945)
Laura Follansbee (D.C. Bar No. 1782046)
ACLU of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
202-601-4267
mperloff@acludc.org
smichelman@acludc.org
lfollansbee@acludc.org

Kaitlyn Golden (D.C. Bar No. 1022111)
Madeline Gitomer (D.C. Bar No. 1023447)
Paul Wolfson (D.C. Bar No. 414759)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
202-448-9090
kgolden@democracyforward.org
mgitomer@democracyforward.org
pwolfson@democracyforward.org

Jonathan Gleklen (D.C. Bar No. 443660)
Rachel Forman*
Darrel Pae*
Sangeeta Shastry*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, DC 20001
202-942-5000
jonathan.gleklen@arnoldporter.com
rachel.forman@arnoldporter.com
darrel.pae@arnoldporter.com
sangeeta.shastry@arnoldporter.com

Allissa Pollard*
Christopher Odell*
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
713-576-2451
allissa.pollard@arnoldporter.com
christopher.odell@arnoldporter.com

Summer Perez (*pro hac vice* forthcoming)
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
212-836-7314
summer.perez@arnoldporter.com

Michelle Teresa García*
Mason Strand*
Roger Baldwin Foundation of ACLU, Inc.
150 N Michigan, Suite 600
Chicago, IL 60601
312-201-9740 ext. 319
mgarcia@aclu-il.org
mstrand@aclu-il.org

* Admitted *pro hac vice*

*Counsel for Plaintiff*

-12-