**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEANNE WITHROW, | |
|      *Plaintiff* | |
| v. | |
| UNITED STATES OF AMERICA, *et al.* | Civil Action No. 1:25-4073 (LMC) |
|      *Defendants* | |

## PROPOSED DEFENDANT-INTERVENOR'S JANE DOE'S REPLY IN SUPPORT OF MOTION TO INTERVENE

### INTRODUCTION

Plaintiff's Opposition fails to overcome the clear showing that Jane Doe is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, permissively under Rule 24(b). Tellingly, the government does not oppose Ms. Doe's intervention. Ms. Doe is a long-serving female federal civilian employee and military spouse who will lose the concrete benefits of single-sex restrooms and intimate spaces in federal facilities if Plaintiff prevails. Those benefits—safety, privacy, and dignity—are precisely what Executive Order 14168 and the implementing Restroom Policy secure. Although the government is currently defending the same ultimate outcome, it has not taken a position on intervention and has filed no brief asserting that it can adequately represent Ms. Doe's distinct personal stake as a

1

survivor of sexual assault who relies on those spaces and whose interests endure across administrations. It is Plaintiff—and only Plaintiff—who argues that the government's representation would be adequate, and those arguments fail for the reasons discussed in Ms. Doe's opening brief and below. This Court should grant Ms. Doe's Motion to Intervene.

## ARGUMENT

### I.    Ms. Doe is Entitled to Intervention as of Right

Plaintiff does not dispute that Ms. Doe's motion is timely, filed before any substantive ruling and before discovery has opened. *See* Opp'n to Mot. to Intervene, ECF No. 62 ("Opp."), at 3 n.1. Instead, Plaintiff's opposition to Ms. Doe's motion to intervention under Federal Rule of Civil Procedure 24(a)(2) rests on three flawed arguments: (A) that the government adequately represents Ms. Doe's interests, (B) that Ms. Doe has no legally protected interest that will be impaired if Plaintiff's challenge succeeds, and (C) that Ms. Doe lacks standing. Opp. at 4–5, 14–15. Plaintiff's arguments miss the mark.

### A.  *The Government Does Not Claim—And Cannot Adequately Represent—Ms. Doe's Interests.*

Plaintiff's assertion that the federal government adequately represents Ms. Doe's interests (Opp. at 4) is particularly unpersuasive because the government itself has made no such claim. The government filed no opposition to Ms. Doe's Motion to Intervene and has taken no position on whether it can adequately represent her distinct interests. It is only Plaintiff who argues adequacy. This silence on the intervention motion itself raises serious doubts about whether the government will represent Ms. Doe's interests. *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001); *see also Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1256 (10th Cir. 2001) (federal government's "silence on any intent to defend the [intervenors'] special interests is deafening");

*Conservation Law Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992) (same).

Even setting aside the government's silence, Plaintiff cannot overcome the lack of adequate representation on the merits. The government's pending Motion to Dismiss addresses only threshold issues—standing, venue, and whether Plaintiff states a claim under Title VII—and does so at a high level of generality. (ECF No. 28.) It does not touch on safety, privacy, and dignity in single-sex bathrooms, and has not advanced the specific arguments and evidence Ms. Doe is prepared to offer. For example:

- The government has not argued the *increased risk* to women of sexual violence and harassment resulting from male access to female intimate spaces—evidence of which Ms. Doe, as a survivor of sexual assault who has personally experienced the harms of such policies, is uniquely positioned to provide.

- Plaintiff repeatedly alleges that his use of women's restrooms in federal buildings has been "without issue or incident." (Compl. ¶¶ 4, 13, 177.) As a "living, breathing testament" to the real-world harms caused by male access to female spaces, Ms. Doe can directly rebut these assertions with concrete, firsthand experience that the government's legal briefing cannot supply.

- The government's arguments do not address the broader fundamental harm to women's civil rights that flows from interpreting "sex" to include gender identity. *See United States v. Skrmetti*, No. 23–477, slip op. at 20 (U.S. June 18, 2025) (Alito, J., concurring).

Moreover, the presumption of adequate representation is rebutted by the transitory nature of executive policy. Administrations change. The Obama Administration previously issued guidance effectively displacing biological sex with gender identity in federal facilities. The

3

current Executive Order 14168 and implementing policies reversed that approach. Future administrations may do so again, potentially causing the named defendants to withdraw from this litigation or alter their position. Ms. Doe's personal stake in privacy, safety, and dignity in single-sex spaces, however, is enduring and independent of any particular administration. Intervention is necessary to protect that concrete, personal interest. *See, e.g., Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (intervention warranted where intervenor's interest may not be fully protected by the government's more generalized concerns).

Plaintiff's attempt to cabin Ms. Doe's arguments as duplicative or irrelevant (Opp. at 4–5) misses the point. The government's current briefing does not—and, given its institutional role and litigation posture, likely will not—make the full range of factual and policy arguments that Ms. Doe, as a directly affected individual and long-serving federal employee/military spouse, can and will advance. The government's threshold Motion to Dismiss does not foreclose the need for a robust factual record on the very issues central to Ms. Doe's interests. Because the government has neither claimed nor demonstrated that it will adequately represent those interests, and because Ms. Doe has identified specific arguments and evidence the government has not (and may not) raise, the presumption of adequacy is overcome.

**B. Ms. Doe Has Standing and a Legally Protected Interest that Will Be Impaired.**

Plaintiff's standing attack on Ms. Doe rests on a cramped and selective reading of Ms. Doe's declaration that ignores both the record and controlling law. Ms. Doe has demonstrated multiple concrete and imminent injuries in fact that easily satisfy Article III and the "interest" requirement of Rule 24(a)(2).

First, Plaintiff mischaracterizes Ms. Doe's current and anticipated work situation. While she is currently eligible for remote work during her husband's active-duty service, she has

already returned to in-person federal office work after the very policy at issue took effect (July–October 2025), and she expects to do so again. (Doe Decl. ¶¶ 16, 18–19.) She has concrete plans to enter federal office buildings for meetings, trainings, and other gatherings—including a planned meeting in an Arlington, Virginia office in September—and to attend military ceremonies and family days with her spouse at facilities where she will need to use restrooms. (Doe Decl. ¶¶ 18, 21–22.) These are not hypothetical intentions; they are particular, imminent, and tied directly to her ongoing federal employment and military-spouse obligations. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014).

Second, Plaintiff's claim that Ms. Doe experienced no harm during prior periods when biological males were permitted to use women's restrooms (Opp. at 12–13) is both factually incomplete and legally irrelevant. The current Executive Order 14168 and implementing Restroom Policies provide clearer, more robust, and expressly mandated single-sex protections. Ms. Doe's history as a survivor of sexual assault makes *any* loss of single-sex protections especially acute. (Doe Decl. ¶¶ 25, 30.) Moreover, the duration or frequency of past exposure does not negate the injury from *loss of the current protections* from which she benefits; the relevant question is whether a favorable judgment for Plaintiff *would remove* the current protections from which Ms. Doe benefits. *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 317 (D.C. Cir. 2015).

Third, Plaintiff wrongly dismisses Ms. Doe's injuries as generalized "preferences." (Opp. at 12.) The injuries are deeply personal and particularized: (1) immediate anxiety and distress from the prospect of sharing intimate spaces with biological males; (2) resulting avoidance behaviors that carry health consequences; (3) heightened risk of sexual violence or harassment, which is especially salient given Ms. Doe's history; and (4) the dignitary harm of being denied

privacy in spaces historically reserved for women. These harms are concrete, not abstract. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (exposure to risk itself can constitute injury, including emotional injury). The D.C. Circuit's "practical consequences" approach to intervention reinforces this. *Biden v. IRS*, 752 F. Supp. 3d 97, 110 (D.D.C. 2024).

Plaintiff cannot have it both ways. He claims standing based on the dignitary and emotional harm of being required to use single-sex men's restrooms consistent with his biological sex yet simultaneously argues that identical categories of harm to a biological female (anxiety, privacy intrusion, safety risk, and dignitary harm) are insufficient when she faces the opposite intrusion. The law does not support that asymmetry. If Plaintiff's alleged injuries suffice for Article III standing, so do Ms. Doe's.

Finally, because Ms. Doe's injuries flow directly from the loss of the Executive Order's and Restroom Policy's protections, traceability and redressability "rationally follow[]." *Crossroads*, 788 F.3d at 316. A judgment for Plaintiff would strip away the very benefits she currently enjoys, impairing her concrete interests in safety, privacy, and dignity. That is more than enough to establish both standing and a legally protected interest for purposes of Rule 24(a)(2). *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731–32 (D.C. Cir. 2003).

**II. Alternatively, the Court Should Grant Permissive Intervention.**

Should the Court disagree that intervention as of right is appropriate, permissive intervention is still warranted under Rule 24(b). Ms. Doe's defense shares common questions of law and fact with the main action—specifically, the validity and application of Executive Order 14168 and the Restroom Policy. She has an independent ground for subject-matter jurisdiction under 28 U.S.C. § 1331.

6

Plaintiff's arguments against permissive intervention are unavailing. First, amicus status is not an adequate substitute. Amicus participation does not confer party status, the ability to participate in settlement discussions, or the right to appeal. Ms. Doe has concrete, particularized interests that require full party status to protect. Second, the existing amicus brief filed by a group of federal employees supporting the Restroom Policy does not substitute for the perspective of a specific, directly affected individual with Ms. Doe's survivor history and upcoming in-person obligations in federal facilities. Third, any claimed prejudice to Plaintiff is minimal at this early stage—before discovery has opened and before any substantive rulings— and is outweighed by the benefit of ensuring the Court hears from a member of the group most directly affected. Finally, Plaintiff's privacy concerns are overstated; intervention does not require linguistic agreement on terminology, and courts routinely permit intervention by parties with differing perspectives when concrete interests are at stake.

### III. Plaintiff's Request to Hold the Motion in Abeyance Should Be Denied.

Plaintiff alternatively requests that the Court hold Ms. Doe's motion in abeyance pending resolution of the Motion to Dismiss and class certification motion. This request should be denied. The motion is timely now, filed before any substantive rulings and before discovery begins. Deciding the motion now allows the Court to consider Ms. Doe's concrete interests in connection with any standing or merits analysis. There is no prejudice to Plaintiff from early-stage intervention; to the contrary, it promotes judicial efficiency by ensuring all affected parties are before the Court before dispositive rulings. Even if some claims are narrowed or dismissed, Ms. Doe's interests in single-sex protections in federal facilities remain directly implicated by Plaintiff's core challenge to the Executive Order and Restroom Policy. Abeyance would only delay Ms. Doe's ability to protect those interests.

**CONCLUSION**

For the foregoing reasons, the Court should grant Ms. Doe's Motion to Intervene as of right under Rule 24(a)(2), or, in the alternative, grant permissive intervention under Rule 24(b).

Dated: July 13, 2026                                  Respectfully submitted,


                                        */s/ Karin M. Sweigart*

                                        Karin M. Sweigart
                                        (Bar #CA00145)
                                        Jesse D. Franklin-Murdock
                                        (Bar #CA00147)
                                        **SWEIGART MURDOCK, LLP**
                                        1160 Battery Street, Suite 100
                                        San Francisco, California 94111
                                        (415) 873-0123
                                        Karin.Sweigart@sm-llp.com
                                        Jesse@sm-llp.com

                                        Nancy K. Stade (D.D.C. Bar No. 471601)
                                        Women's Liberation Front
                                        1930 18th Street NW,
                                        Suite B2 #2036
                                        Washington, DC 20009
                                        boardtreasurer@womensliberationfront.org

                                        *Counsel for Defendant-Intervenor*
                                        *Jane Doe*